IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANA TAVAREZ, | : | Civil No. 3:22-CV-1826 |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Wilson)** |
| vs. | : | |
| | : | **(Magistrate Judge Carlson)** |
| MOUNTAIN CITY HEALTH & REHABILITATION CENTER, | : : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

I.   **Statement of Facts and of the Case**

The plaintiff commenced this case on November 15, 2022. (Doc. 1). Plaintiff's counsel was provided with summons to serve upon the defendant on November 16, 2022, (Doc. 2), but there has been no indication in this litigation that the plaintiff has served the complaint. Accordingly, on May 8, 2023, we entered an order which instructed the plaintiff in clear and precise terms as follows:

> The plaintiff is placed on notice that it is the plaintiff's responsibility to serve the defendants named in the complaint within 90 days, and thus service of the complaint should have been made no later than **February 13, 2023.** See Rule 4, F. R. Civ. P. In addition to setting time limits for service, Rule 4 prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:
>
>> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant

> or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F. R Civ. P., Rule 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court "must dismiss the action." Accordingly, the plaintiff is placed on notice of this deadline and is directed to show cause why this matter should not be dismissed without prejudice for failure to affect proper service of the complaint on or before **May 18, 2023.**

(Doc. 3).

Despite this notice, the plaintiff has taken no steps to perfect service of process in this case. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed without prejudice.

## II. Discussion

### A. Rule 4 Calls for Dismissal of This Complaint.

Dismissal of this pleading is warranted here. Simply put, the failure to properly serve this filing now compels this outcome under the Federal Rules of Civil Procedure. In particular, this result is mandated by Rule 4 of the Federal Rules of Civil Procedure, which prescribes the method by which service can be made and describes how a party must demonstrate proof of service on the record. See Fed. R. Civ. P. 4(a)-(l). Rule 4 also sets time limits for service and prescribes the sanction of dismissal for the failure to make proper and timely service, stating as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90

days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint, the court "must dismiss the action." As a general rule, "the party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)). When the plaintiff fails to carry this burden of proof on the issue of proper and timely service, consistent with Rule 4(m)'s mandate that the "court—on motion or on its own after notice to the plaintiff—must dismiss the action," dismissal of the case is entirely appropriate. Indeed, when a plaintiff does not show good cause for a failure to serve, Beckerman v. Susquehanna Township Police, 254 F. App'x 149, 154 (3d Cir. 2007), or fails to make service, despite warnings and requests by the court to address service issues, Foster v. Pennsylvania Human Relations Comm'n, 157 F. App'x 488, 490 (3d Cir. 2005), the courts have frequently dismissed actions for failure to make service.

These principles control here and call for dismissal of this action for failure to

make timely and proper service. In this case, the plaintiff has provided no proof of proper service more than six months after this action commenced, despite having been instructed to do so. Moreover, our prior show cause order regarding service notified the plaintiff of her obligation to serve the defendants within 90 days of the filing of this action and instructed the plaintiff to make service or show cause on or before May 18, 2023, why this matter should not be dismissed without prejudice for failure to affect proper service of the complaint. (Doc. 3). Despite this notice and warning, the plaintiff has neither served the defendants, nor sought a further extension of time in which to make service. Given this cascading array of failures, dismissal is appropriate here. <u>Beckerman</u>, 254 F. App'x at 154 (affirming dismissal for failure to serve two days after service deadline elapsed where no good cause shown).

### III.  <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's case be dismissed without prejudice for the failure to make timely service under Rule 4.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and

all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of June 2023.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
